John T. CANUP, Plaintiff,

v.

MISSISSIPPI VALLEY BARGE LINE COMPANY, Inc., a corporation, Defendant.

Civ. A. No. 62–611.

United States District Court
W. D. Pennsylvania.

Nov. 5, 1962.

S. Eldridge Sampliner, Cleveland, Ohio, Harry Alan Sherman, Pittsburgh, Pa., Robert B. Reed, Paducah, Ky., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

DUMBAULD, District Judge.

On August 6, 1962, plaintiff's complaint under the Jones Act and alleging unseaworthiness was filed. Maintenance and cure is also sought. Jury trial was demanded. The usual printed notice required defendant to answer "within 20 days after service * * *. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint." Service by the Marshal was made on August 8, 1962.

No answer having been filed, plaintiff on August 29, 1962, issued praecipe to enter default, which was done. At the same time a motion for judgment under Rule 55 F.R.Civ.P. was filed, but was apparently not presented to a Judge and has not yet been acted upon.

On September 4, 1962, defendant filed motion to open default and to file an answer out of time.

The motion shows that defendant's counsel had knowledge of the case as early as August 16, but permitted the date for filing answer to pass without seeking any extension. Counsel was aware of a possible defense of release, and gives no excuse for delay except "inadvertence".

■ One of the basic purposes of the Rules of Federal Procedure is to secure the "speedy" determination of pending litigation. Since Magna Carta (cap. 40; see McKechnie, Magna Carta, 2nd ed., p. 395) delay has been recognized as *pro tanto* denial of justice. In Shakespeare's Hamlet "the law's delay" is condemned. The evil is an old one. It has merely become more widespread as the number of pending cases has increased in our urban civilization.

■ Theoretically and ideally the object of procedural rules is to accord a plaintiff the same relief which he would receive if the case were decided immediately at the moment of filing.[1] For the wrong (if any) has then occurred; the remedy should also be available at the same time.

■ Calendar control by the Courts and the setting of fixed dates for the various steps to be taken in the course of litigation are among the means by which it is sought to eliminate delay.

The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court.

■ The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for extension of time (*i. e.*, a request presented before the time then fixed for the purpose in question has expired).

In view of the practicalities of life, opposing counsel are ordinarily only too liberal in agreeing to such requests by their brethren at the bar. The Court (at least this member of the Court) is perhaps equally indulgent in granting such unopposed requests (although we realize they may often be consented to out of logrolling reasons, rather than a strict regard for a client's welfare).

With similar regard to the practical realities of life, the Court (at least this member of the Court) is ordinarily indulgent when counsel's disability is due to conflicting professional engagements or even to impelling personal reasons (such as vacation or hunting season, family events of joyful nature such as weddings or christenings, public or philanthropic service, bar association activities, and the like, as well as the more sombre occasions of illness or death).

Such indulgence is the more readily accorded when the barrister seeking it is one whose record of past dealings with the Court has been marked by fairness and diligence in cooperating with the Court's objective of promptly disposing of pending litigation.

We are also disposed to extend greater indulgence to solo practitioners in a rural

---

1. Thus a renowned Italian scholar in the field of civil procedure writes that "The judgment which grants relief ought to enforce the law in the same manner as if that took place at the moment of filing the complaint; the duration of the lawsuit ought not to operate to the detriment of the plaintiff." As stated in a pronouncement by the German-Polish Mixed Arbitral Tribunal of July 29, 1924, courts seek by means of measures of protection *pendente lite* "to remedy the delays of justice, so that insofar as possible the result of the case will be the same as if it could end in a day." A French treatise speaks of "the ideal principle of procedure. according to which the plaintiff, if he wins, ought to receive the same relief which he would have obtained by justice rendered immediately." See Dumbauld, Interim Measures of Protection in International Controversies, 20.

county, unversed in the practices of this Court, than to large established metropolitan firms having extensive experience with and full knowledge of the procedures and policies followed in this District.

In the case at bar, while this is the first such incident experienced by this member of the Court with respect to the particular individual lawyer involved, we find that the firm involved is one that is a well established Pittsburgh firm with an extensive practice in the federal courts. If their practice is too extensive to handle it properly, the remedy is either to hire more lawyers or advise clients to seek representation elsewhere. We are confident that there are many "starving" young lawyers of ability who would welcome additional business, either as associates of established firms or by referral.

Moreover the files of this Court disclose that the law firm involved here is a persistent offender. In the case of Taylor v. Monongahela Ry. Co., D.C., 155 F. Supp. 601, the Court of Appeals for the Third Circuit on March 24, 1958, at No. 12490 filed an (unpublished) opinion which said:

"The brief for the appellant in this case was due January 29, 1958. Due notice of that fact was received by appellant's counsel. On March 12, 1958, the Court received a motion to file brief and appendix out of time. The appellant states that 'the date upon which the brief and appendix were due slipped past unnoticed * * *'

"This Court is on the whole very lenient with lawyers who, pressed for time in many matters, need an additional allowance for the filing of briefs or other matters. Notwithstanding that leniency, the motion in this case will be denied. The law firm which represents this defendant has been in constant and flagrant violation of our rules. The firm name has been changed over the period of the events listed below. We are not advised whether the individual partners have remained the same or not. Here is the record:

"In the following cases the appeal was not docketed within the time required by the Federal Rules of Civil Procedure and the rules of this Court: [listing five cases]

"In the following cases the brief for appellant was not filed within the time provided by the rules of this Court: [listing four cases]"

In view of all the circumstances, we find no good reason to justify defendant's delay in the case at bar. We shall deny the motion to open, and shall also sign the plaintiff's undisposed of motion for judgment under Rule 55.