Salvatore CUCURILLO, Plaintiff-Appellant,

v.

SCHULTE, BRUNS SCHIFF GESELL-SCHAFT, M.B.H., Defendant and Third Party Plaintiff-Appellee,

v.

UNIVERSAL TERMINAL & STEVE-DORING CORP., Third Party Defendant-Appellee.

No. 109, Docket 28358.

United States Court of Appeals Second Circuit.

Argued Oct. 29, 1963.

Decided Oct. 29, 1963.

James Gallatin Mackey, New York City (Joseph Dean Edwards, New York City, on the brief), for plaintiff-appellant.

Victor S. Cichanowicz, New York City (Cichanowicz & Callan, New York City, on the brief), for defendant and third party plaintiff-appellee.

Albert S. Commette, New York City (Budd Quencer Brown & Commette, New York City, on the brief), for third party defendant-appellee.

Before SWAN, CLARK and MARSHALL, Circuit Judges.

PER CURIAM.

We affirm in open court the order of Chief Judge Ryan denying plaintiff's motion to vacate his prior order dismissing the suit for lack of prosecution. The motion was based on Rule 60(b) of the Federal Rules of Civil Procedure. It is conceded that the determination of such a motion will not be upset on appeal unless there has been a clear abuse of discretion. Parker v. Broadcast Music, Inc., 2 Cir., 289 F.2d 313. See also Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734. We see no abuse of discretion here. This is made clear by the following quotation from Judge Ryan's memorandum opinion:

"This suit was filed on September 21, 1960 for injuries alleged to have been sustained aboard the SS Elizabeth Schulte on February 24, 1960. This is but one of five separate pending suits filed by plaintiff, asserting five separate claims for personal injuries dating back to December 11, 1957. At a call of the Review Calendar on June 12, 1962 a four-month order was entered. This order was not complied with and on October 25, 1962 a dismissal order was entered. Plaintiff now moves to vacate this dismissal and restore the suit to the docket.

"Plaintiff has done nothing apparently since the filing of answers to interrogatories on October 26, 1961 to prosecute this suit. Plaintiff has not presented any facts which constitute 'excusable neglect' as contemplated by Rule 60(b) F.R.C.P. and has waited over eight months before bringing this motion. (Ohlinger v. United States, 308 F.2d 667 (2d Cir., 1962).)"