Rosa L. HINES, Plaintiff-Appellant,

v.

SEABOARD AIR LINE RAILROAD COMPANY, Defendant-Appellee.

No. 277, Docket 29216.

United States Court of Appeals Second Circuit.

Submitted Jan. 6, 1965.

Decided Feb. 10, 1965.

Irwin L. Scharf, Kramer & Dillof, New York City, for plaintiff-appellant.

William T. Sullivan, Willkie, Farr, Gallagher, Walton & FitzGibbon, New York City, for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

LUMBARD, Chief Judge.

Rosa Hines commenced this diversity action in the Southern District of New York on August 17, 1960 to recover for personal injuries allegedly sustained as a result of slipping and falling as she alighted from one of defendant's railroad cars in Savannah, Georgia. Her complaint was dismissed on January 2, 1963 by Judge Levet for failure to comply with a pre-trial order. On October 31, 1963, plaintiff moved to vacate the dismissal and on December 13, plaintiff's motion was denied by Judge Ryan who stated in a brief memorandum: "There was no appearance in support of this application. This suit was dismissed on January 2, 1963; there was complete failure to prosecute this claim or to comply with pretrial directions and orders. Motion denied; so ordered." On June 18, 1964, plaintiff moved for leave to reargue the motion to vacate. This motion was denied by Judge Ryan on July 6, 1964, and it is from his order that plaintiff appeals.

We are presented with two successive motions for relief under Rule 60(b) of the Federal Rules of Civil Procedure [1] on the grounds of excusable neglect. We must determine whether the order of July 6, 1964 is appealable and, if so, whether the facts here warrant relief under Rule 60(b).

■■ On this review, plaintiff cannot bring up the merits of the dismissal of January 2, 1963, or the order of December 13, 1963. Direct reviews of those orders might have been had only upon direct appeal from them. 3 Barron & Holtzoff, Federal Practice and Procedure § 1332 n. 12.1 (Wright ed. 1958). A motion to reconsider made once the time to appeal from the original order has elapsed does not make the original order appealable. Cf. Rule 73(a), Federal Rules of Civil Procedure.

■ The denial of a motion to reargue is generally not itself appealable. See 7 Moore, Federal Practice ¶ 73.09(4) n. 20 (2d ed. 1955), discussing motions under Rule 59. In the instant case, we are presented with an appeal from a denial of a motion under Rule 60(b) seeking relief on the ground of excusable neglect in not appearing to argue a motion, which nonappearance resulted in an order denying relief under a previous 60(b) motion also based on excusable neglect. We are of the opinion that the denial of the second 60(b) motion by order dated July 6, 1964 presents an appealable issue.

■ It is well established that the denial of a motion under Rule 60(b) is appealable. Greenspahn v. Joseph E. Seagram & Sons, 186 F.2d 616 (2 Cir. 1951); 7 Moore, op. cit. supra, ¶ 60.30(3) n. 20.

---

1. Rule 60(b) of the Federal Rules of Civil Procedure provides in part:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * *"

It is equally well settled that the denial of a 60(b) motion does not bring up for review on appeal the order sought to be modified. Wagner v. United States, 316 F.2d 871 (2 Cir. 1963) ; 7 Moore, op. cit. supra, ¶ 60.30(3) n. 5. However, where, as here, the issue is the appealability of the denial of a motion for leave to reargue another motion under 60(b), the similarity between a 60(b) motion and motions under other rules ends.   .

■ This is not a motion for reargument in the sense that the term is ordinarily understood. Although plaintiff's motion states, as it necessarily must, that there exist grounds for the granting of the original 60(b) motion, it also states arguments in favor of the exercise of the discretion of the court in providing relief from the operation of the order of December 13, 1963 made pursuant to the first 60(b) motion. New facts and arguments not previously made to the court are presented with the aim of obtaining relief from the last previous ruling of the district court under one of the many grounds specified in the rule.[2] Regardless of what motions may have been made before, a motion to be relieved of default, which motion states new grounds based on new circumstances, is necessarily appealable. So far as appealability is concerned, the fact that successive 60(b) motions are involved does not make this case different from any other order sought to be reviewed under 60(b).

■■ On the instant motion plaintiff argues that the denial of her motion under 60(b) on December 13, 1963 was due to the excusable neglect of her counsel in failing to appear. The factual issues presented under this motion are different from those under the original 60(b) motion. Plaintiff's second 60(b) motion is appealable because it presents arguments which could not have been made on the prior 60(b) motion, as they related to the circumstances surrounding the disposition of that motion. If plaintiff's motion of June 18, 1964 contained only arguments which were made or could have been made on the prior motion, an appeal from the denial of such a motion would not lie, as the second motion would then truly be classified as a reargument.

■ To succeed on her motion, plaintiff must satisfy the district court that the facts warrant relief from the dismissal of the first 60(b) motion and also that relief should be granted from the original order. Further, she must show that the passage of time between the original order and the chain of motions has not prejudiced the defendant. See Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H., 324 F.2d 234 (2 Cir. 1963).

■ The decision of a district court on a 60(b) motion will not be set aside unless there has been a clear abuse of discretion. Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H., supra. In the instant case plaintiff's motion was made on June 18, 1964, one and a half years after the entry of the order dismissing the complaint. Plaintiff has not shown that her failure to appear on her own motion on December 13, 1963 was due to anything but the inexcusable neglect of her counsel in failing to note the date of argument. The dismissal of her complaint seems fully warranted in view of her refusal to comply with the pretrial order, despite repeated invitations to do so by the defendant, and her failure to respond to the show cause order issued by Judge Levet. The denial of plaintiff's motion was within the sound discretion of the district court.

Affirmed.

2. In System Federation, No. 91, Ry. Emp. Dept. v. Wright, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961), the Supreme Court reviewed a decision denying relief under Rule 60(b) and found that relief should have been granted.