Hubert **JOHNSON**, Plaintiff,

v.

**TOWN OF BABYLON, NEW YORK, Town of Babylon Planning Board and Town of Babylon Board of Appeals and the Building Department of the Town of Babylon,** Defendants.

No. 77 C 1183.

United States District Court,
E. D. New York.

March 13, 1978.

On Motion to Vacate Order
April 25, 1978.

Robert Rivers, P. C., Hempstead, N. Y., by Robert Zuflacht, Westbury, N. Y., for plaintiff.

Joseph F. Klein, Town Atty., Town of Babylon, Lindenhurst, by Jerold E. Nemetz, Amityville, N. Y., for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This case involves a suit for an injunction restraining defendants from maintaining an alleged policy of denying plaintiff building permits on the basis of color or race in contravention of plaintiff's federal civil rights. Plaintiff's application to subdivide his property for the purpose of building a dwelling thereon was denied on June 10, 1976, by defendant Babylon Board of Appeals allegedly on the grounds of plaintiff's race or color and allegedly in contrast to the granting of similar applications by other parties in the past. This suit was brought to challenge this decision.

Plaintiff now moves, presumably pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (FRCP), for an order vacating this Court's order of October 14, 1977 dismissing plaintiff's claims due to plaintiff's failure to appear for a pretrial conference on that date.[1]

Plaintiff's counsel alleges that his appearance in Court on October 14, 1977, some ten minutes after the call of this case on the calendar was due to travel delays owing to inclement weather. It should be noted that this is not the first time that plaintiff has failed to appear at the call of the calendar. On July 29, 1977, plaintiff's counsel also failed to appear for a pretrial conference and the case was at that time dismissed. This Court reopened the case on September 2, 1977, in deference to the parties' stipulation in favor of such action.

In contrast, on this occasion, defendant opposes plaintiff's motion to restore, undoubtedly feeling that plaintiff has already been given enough professional courtesy.

---

1. Rule 8(a) of this Court's Assignment and Calendar Rules provides as follows:

"(a) *Dismissal on default.* Failure of counsel for any party to appear before the court at a conference, or to complete the necessary preparations, or to be prepared to proceed to trial at the time set, may be considered an abandonment of the case or failure to prosecute or defend diligently, and an appropriate order may be entered against the defaulting party with respect to a specific issue or on the entire case."

This Court, too, is troubled by plaintiff's counsel's repeated absence at the call of the calendar. As noted by the Court in *Canup v. Mississippi Valley Barge Line, Company*, 31 F.R.D. 282, 283 (W.D.Pa.1962):

> "The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court."

This Court will not tolerate another failure to appear by plaintiff's counsel in this case. However, in view of the circumstances surrounding plaintiff's counsel's late appearance which caused the instant dismissal and in view of plaintiff's prompt motion to reopen, this Court hereby grants plaintiff's motion and vacates this Court's order of October 14, 1977, dismissing plaintiff's complaint, on condition that plaintiff's counsel pay to the defendants the sum of $200 in reimbursement for attorneys fees incurred by it by reason of his defaults. Failure to make such payment within ten days of this order shall mean that the order of dismissal shall remain in full force and effect. The Court having so conditionally restored this case to the calendar, both parties should appear in court on March 31, 1978, at 11:00 AM to schedule the completion of discovery.

SO ORDERED.

## ON MOTION TO VACATE ORDER

■ Plaintiff once again moves[1] for an order vacating this Court's order of March 31, 1978, dismissing plaintiff's claims due to plaintiff's failure to appear on that date for a Court ordered pretrial conference.

This Court has now been faced with three such motions by plaintiff following three non-appearances by plaintiff's counsel.

The Court orally granted the first such motion, which was not opposed by defendant.

In a written opinion dated March 13, 1978, this Court granted, in the face of defendant's opposition, plaintiff's second such motion to restore, "in view of the circumstances surrounding plaintiff's counsel's late appearance . . . and in view of plaintiff's prompt motion to re-open." In that opinion, this Court scheduled a pretrial conference for March 31, 1978 at 11:00 A.M. and specifically noted that "[t]his Court will not tolerate another failure to appear by plaintiff's counsel in this case."

As is apparent, plaintiff's counsel did fail to appear at the call of this case on the calendar at approximately 11:00 A.M. on March 31, 1978. A lawyer (who was not then admitted to practice in this Court) did appear at 12:20 P.M. on that day, after his adversary had gone, and at that time informed the Court that his absence was due to participation in an ongoing proceeding before Judge Nickerson of this Court. In spite of this lawyer's prior awareness of this proceeding, no attempt was made to inform this Court of a possible delay nor was any attempt made to inform defendant's counsel.

Moreover, as indicated, by plaintiff's counsel's own admission, he was not, on March 31, 1978, admitted to practice in the Eastern District of New York and therefore could not have properly appeared for and represented plaintiff even if he had been present at the call of the calendar. This fact also was not communicated to either the Court or defendant's counsel at any time.

■ In view of all the above and in light of its previous opinion in this matter, the Court is compelled to deny plaintiff's motion to vacate the order of dismissal. As this Court noted in its last opinion in this matter, quoting *Canup v. Mississippi Valley Barge Line Company*, 31 F.R.D. 282, 283 (W.D.Pa.1962), "[t]o neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court." Plaintiff's counsel compounded their contempt in this

---

1. For a brief statement of the merits of this action and prior proceedings, *see* this Court's Memorandum and Order dated March 13, 1978, published in 78 F.R.D. 337 (E.D.N.Y., 1978).

regard by attempting an appearance through an attorney not admitted to practice in this Court. This fact taken in conjunction with the series of defaults by plaintiff's counsel as noted above, clearly warrants and indeed requires dismissal of this action.

■ While the result reached here deprives plaintiff of his day in court, plaintiff, as the employer of counsel, must assume the risks of such counsel's proper prosecution of the case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

Accordingly, plaintiff's motion to vacate is hereby denied.

SO ORDERED.