Herman H. GREENE, Plaintiff,

v.

Hugh PYATT, as Custodial Engineer at Public School 92, Manhattan, and Individually, the Board of Education of the City of New York, Defendants.

No. 76 Civ. 2063.

United States District Court,
E. D. New York.

March 20, 1978.

S. Hal Mercer, Brooklyn, N. Y., for plaintiff.

W. Bernard Richland, Corp. Counsel, New York City, for municipal defendant.

Cassin & Cassin, New York City, for Hugh Pyatt.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff in this case moves pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure (FRCP) for an order vacating two separate orders entered by this Court dismissing plaintiff's claims against each defendant due to plaintiff's default.

This case is a civil rights suit arising from the termination of plaintiff's employment by defendant as a fireman responsible for the maintenance of the boiler at P.S. No. 92 in Manhattan, New York. After 10 years of such employment for defendant Board of Education and its predecessor, plaintiff was dismissed June 5, 1975, by defendant Pyatt for an erratic time record and for insubordination. Plaintiff challenged this action in an arbitration proceeding pursuant to contract and it was not until this challenge was rejected in all respects on September 11, 1975, that plaintiff raised the charge of a civil rights violation by bringing this suit.

The facts surrounding the default orders which are the subject of the instant motion are as follows. In March, 1977, plaintiff was served by mail with defendant Board of Education's motion to dismiss plaintiff's

claims. This motion came on for a hearing on April 29, 1977, at which time plaintiff failed either to appear, file opposing papers, or in any way communicate with defendant or this Court about the pending motion. Accordingly, this Court dismissed plaintiff's claims against the defendant Board due to plaintiff's default[1] and signed, on May 9, 1977, a "settled order on notice" to this effect to which plaintiff also failed to object or otherwise respond. In May, 1977, plaintiff was served by mail with defendant Hugh Pyatt's motion to dismiss plaintiff's claims. This motion came before the Court for a hearing on June 10, 1977, and plaintiff once again failed to appear in court, file any opposition papers or communicate in any way with defendant or this Court. Once again this Court dismissed plaintiff's claims against defendant Pyatt due to plaintiff's default and signed a "settled order on notice" to this effect on June 24, 1977, plaintiff once again failing to enter any objection. Approximately six months later, in late December, 1977, plaintiff filed the instant motion to vacate the above default orders and thereby reopen the case. Oral argument on this motion was finally heard on February 10, 1978.

Plaintiff ostensibly relies on FRCP 55(c) and 60(b) in making his instant motion. The standard established by these rules which plaintiff relies on here is set forth in Rule 60(b)(1) as follows:

> " . . . the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."

In his affidavit supporting the motion, plaintiff's attorney claims that

> " . . . his inadvertent failure to appear on the motions brought on by defendants was due to his actual engagement in a trial concerning a certain murder charge in a state court; and, his involvement in certain appeals before the Appellate Courts of the State of New York. . . . Your deponent would ask that this Court only understand the position of a private practitioner in this highly complex society, and the many diversified services he is called upon to render."

■ This Court does not consider the above to be an adequate showing of "excusable neglect" for the failures to appear and the subsequent six-month delay in bringing on the instant motion. *See Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72 (2d Cir. 1978).

■ An excessive caseload is not a valid reason for an attorney's failure to promptly file documents. *Kostenbauder v. Secretary of Health, Education & Welfare,* 71 F.R.D. 449 (M.D.Pa.1976). *See also, Schwarz v. United States,* 384 F.2d 833, 835 (2d Cir. 1967). As noted by the District Court in *Canup v. Mississippi Valley Barge Line Company,* 31 F.R.D. 282, 284 (W.D.Pa.1962),

> "If [the attorney's] practice is too extensive to handle it properly, the remedy is either to hire more lawyers or advise clients to seek representation elsewhere."

To have avoided dismissal, plaintiff's attorney need have only communicated with this Court requesting an adjournment or extension of time either at the time of the original motions or at the time of the proposed settlement of orders. Even after entry of the order of dismissal, a prompt motion to reopen coupled with plaintiff's affidavit of merits might well have yielded a different result. *See Johnson v. Town of Babylon,* 78 F.R.D. 337 (E.D.N.Y. 1978). Plaintiff's proffered excuse, however, cannot justify the instant delay. As the Court noted in *Canup, supra,*

> The bar must realize, and we declare it as emphatically as we can, that these

---

1. Rule 9(b) of this Court's General Rules provides in part that:

   "The opposing party shall serve and file with the papers in opposition to the motion an answering memorandum, similarly divided, setting forth the points and authorities relied upon in opposition. *Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default as the case may be.*" [Emphasis added].

dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court."

While the *Canup* case involved defendant's default due to a failure to answer, the same principles apply with equal force to a plaintiff's failure to actively prosecute his claim in accordance with the Court's rules. *See Newton v. United States,* 308 F.2d 668 (2d Cir. 1962); *Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.,* 324 F.2d 234 (2d Cir. 1963). Having elected to proceed in court, the plaintiff, perhaps even more than the defendant, is bound to follow the Court's rules and prosecute the case accordingly.

While the result reached here deprives plaintiff of his day in court, plaintiff, as the employer of his counsel, must assume the risks of such counsel's prosecution of his case. *See Link v. Wabash R. R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

Accordingly, plaintiff's motion to vacate is hereby denied.

SO ORDERED.