**David L. SALISBURY, Plaintiff,**

v.

**The TOWN OF WATERTOWN et al., Defendants.**

Civ. No. N–78–274.

United States District Court, D. Connecticut.

April 18, 1979.

David L. Salisbury, pro se.

James P. Caulfield, Gary L. Broder, Waterbury, Conn., for defendants.

### RULING ON PLAINTIFF'S MOTION FOR SANCTIONS

DALY, District Judge.

This is a pro se action under 42 U.S.C. §§ 1983 & 1988, with pendent claims under Conn.Gen.Stat. § 7–465, arising out of an allegedly unconstitutional sewer assessment levied by defendants on land owned by plaintiff. Plaintiff claims that defendants have failed to comply with a discovery order issued by this Court, and has moved for sanctions pursuant to Rule 37, F.R.C.P. The deadline for a response by defendants has passed, and no such response has been filed. Plaintiff requests, among other things, the entry of a default pursuant to Rule 37(b)(2)(C). In view of the posture of this litigation and the repeated failure of the defendants to comply with the Federal Rules or orders of this Court, plaintiff's motion is granted and a default shall enter.

This action was filed in August, 1978. Thereafter, defendants filed several motions addressed to the complaint which resulted in the filing of an amended substituted complaint in November, 1978. On December 22, plaintiff moved for a default,

indicating that defendants had failed to file a timely answer. An untimely answer was filed on January 2, 1979, and defendants indicated by letter that the answer should be considered their response to the motion for default. On January 5, plaintiff's motion for the entry of default was denied as moot, with this notation in the margin:

1/5/79 DENIED AS MOOT, an answer having been filed on January 2, 1979. The Court notes, however, that in the absence of a timely request for an extension of time parties are expected to comply with the applicable time limits of the Federal Rules of Civil Procedure.

On January 5, not yet having received notice of the Court's ruling on his motion for default, plaintiff filed a motion to strike the answer that had been filed on January 2, noting that his motion for default should have been granted *pro forma* by the court clerk pursuant to Rule 55(a), and arguing that defendants should be required to make a showing of good cause in accordance with Rule 55(c) before being allowed to file an untimely answer after a proper request for the entry of default. Perhaps because of the Court's January 5 ruling denying plaintiff's motion for default, defendants never responded to plaintiff's January 5 motion to strike.

On January 16, plaintiff filed a motion to reconsider plaintiff's motion for default, putting forth essentially the same arguments that had been advanced in connection with his motion to strike. Defendants' response to this motion was due by January 25, but was never filed. On January 31, the Court granted plaintiff's motion to reconsider, with the following notation in the margin:

1/31/79 GRANTED absent objection; the answer is hereby stricken; a default may enter pursuant to Rule 55(a).

On February 13, defendants filed an objection to the entering of a default. On February 20, plaintiff filed a motion to strike defendants' objections and a motion for judgment by default. On February 22, the Court entered the following notation in the margin of defendants' objection to the entering of a default:

2/22/79 Treating this as a motion to set aside a default, the motion is GRANTED, reluctantly, *cf. Canup v. Mississippi Valley Barge Line Co., Inc.,* 31 F.R.D. 282 (W.D.Pa.1962), but in the overall interests of justice. The answer may be reinstated.

Plaintiff's motions to strike and for judgment by default simultaneously were denied.

*Canup* was a case in which a district court was asked to set aside a default that had resulted from the defendant's failure to file a timely answer. In discussing the significance of procedural deadlines, the court wrote:

The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court.

The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for extension of time (*i. e.,* a request presented before the time then fixed for the purpose in question has expired).

While noting that courts are indulgent in granting extensions of time and in overlooking unavoidable or excusable failures to request such extensions, the court in *Canup* refused to set aside the default, noting that the law firm in question was a "persistent offender." 31 F.R.D. at 284.

On March 1, plaintiff filed a motion to compel discovery, indicating that defendants had failed to answer certain discovery demands and claiming that certain answers and objections that had been filed were insufficient. Defendants' response was due by March 8 but was never filed. On March 12, the Court endorsed plaintiff's motion to compel as follows:

3/12/79 Granted to the extent that interrogatories are to be answered on or before March 19, 1979, and otherwise denied without prejudice.

On March 15, 1979, plaintiff moved to strike defendants' special defenses. De-

fendants' response was due by March 23 but was never filed. On March 28, plaintiff's motion to strike was endorsed as follows: 3/28/79 GRANTED absent objection.

On April 6, plaintiff filed the instant motion for sanctions to compel discovery, indicating that defendants had failed to comply with the Court's March 12 order requiring answers by March 19. Defendants' response to this motion was due by April 16. Neither a response nor a request for an extension of time has been filed.

Plaintiff, a pro se litigant, has been meticulous in his compliance with the Federal Rules and with the orders of this Court. Defendants have repeatedly ignored or failed to comply with the Rules and with orders of this Court. In view of all the circumstances, plaintiff's motion for sanctions is granted to the extent that a default may enter pursuant to Rule 37(b)(2)(C). A hearing shall be scheduled by the Court pursuant to Rule 55(b)(2), after which judgment by default shall enter.

It is so Ordered.