981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eduardo AYALA, Gilberto Ayala, Irma Arroyo, Elvira Pasillas,
Plaintiffs-Appellants,
v.
LOS ANGELES POLICE DEPARTMENT, City of Los Angeles, Darryl
Gates, Police Chief, Officers I-XX, Rampart
Division LAPD, Defendants-Appellees.
 No. 91-55729.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1992.
Decided Dec. 16, 1992.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Eduardo and Gilberto Ayala, Irma Arroyo and Elvira Pasillas appeal the district court's denial of their Federal Rule of Civil Procedure 60(b) motion for reinstatement of an action dismissed by the district court for failure to prosecute. We affirm.
 
 Facts and Proceedings Below
 
 3
 Appellants filed a complaint in the United States District Court for the Central District of California against the Los Angeles Police Department, the City of Los Angeles, and various Los Angeles Police officers ("appellees") under 42 U.S.C. § 1983. The complaint alleged that appellees had violated appellants' civil rights during an incident on June 25, 1989, by subjecting them to false arrest and imprisonment and by the use of excessive force in making the arrest.
 
 
 4
 A mandatory settlement conference was held on July 16, 1990, and the district court set February 4, 1991 as the date for the pretrial conference. At the pretrial conference, the district court noted that the necessary papers had not yet been filed and continued the hearing to February 25, 1991 at 11:00 a.m., noting that he would not sanction either side if pretrial conference papers were properly served before that date. However, appellants failed to appear at the February 25, 1991 hearing, and did not file the necessary papers until 2:44 p.m. on that day. The district court therefore filed an order dismissing the action for lack of prosecution on February 26, 1991.
 
 
 5
 On May 17, 1991, appellants filed a motion for reinstatement of the dismissed action pursuant to Federal Rule of Civil Procedure 60(b). After a hearing, the district court denied the motion on June 10, 1991. Appellants appeal this denial.
 
 Standard of Review
 
 6
 The only issue before us on appeal is the district court's denial of appellants' Rule 60(b) motion; we are not reviewing the district court's order dismissing the underlying action. We will reverse a district court's denial of a Rule 60(b) motion only if the district court abused its discretion. See Northern Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir.1992).
 
 Discussion
 
 7
 Appellants' Rule 60(b) motion requests relief from the judgment dismissing the action on two grounds: Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) and Rule 60(b)(6) (any other reason justifying relief from the operation of the judgment).
 
 1. Rule 60(b)(1): Excusable Neglect
 
 8
 Appellants contend that their attorney's failure to appear at the pretrial conference was not intentional, and that such failure constitutes "excusable neglect" because (i) the attorney simply miscalendared the date; (ii) when the attorney's paralegal called the district court's docketing clerk on the day of the pretrial hearing, the clerk assured her that no such hearing was scheduled for that day; and (iii) no entry was made on the court's docket sheet as to the date the pretrial conference was to be held until after the case was dismissed.
 
 
 9
 Appellants have cited no authority supporting their contention that their attorney's actions constituted "excusable neglect." Moreover, several of our sister circuits have held that such actions do not constitute "excusable neglect." See, e.g., Hines v. Seaboard Air Line R.R. Co., 341 F.2d 229, 232 (2d Cir.1965) (plaintiff's attorney's failure to note the date of the hearing on plaintiff's Rule 60(b) motion, which resulted in plaintiff failing to appear at the hearing, constituted inexcusable neglect); Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir.1985) (conflict in scheduling that caused plaintiff's attorney to miss hearing did not provide sufficient excuse to warrant relief under Rule 60(b)(1) where attorney made no effort to contact the court to explain his absence until nearly two months after the missed hearing); Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 608 (7th Cir.1986) (plaintiff's attorney's failure to file required pretrial documents and appear at hearing inexcusable).
 
 
 10
 2. Rule 60(b)(6): Any Other Reason Justifying Relief
 
 
 11
 We have held that relief under Rule 60(b)(6) is reserved for "extraordinary circumstances." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981). Appellants have not shown any such circumstances.
 
 Conclusion
 
 12
 Appellants have not shown that their attorney's actions constituted "excusable neglect" and have not shown any extraordinary circumstances that would justify the granting of their Rule 60(b) motion. Therefore, we hold that the district court did not abuse its discretion in denying the motion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3