983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward T. LATIMORE, Plaintiff-Appellant,
v.
Gerald T. McFAUL; Nathan Enwerekowe; Bruce H. Stafford;
John Doe I & II, Defendants-Appellees.
 No. 91-3916.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Edward Latimore, while incarcerated at the Cuyahoga County Correctional Facility, was attacked by a number of inmates. He then filed a § 1983 action, claiming that several of his constitutional rights had been violated by defendants--two unknown corrections officers at the facility, Gerald McFaul, the county sheriff, and Bruce Stafford, the deputy sheriff. Latimore alleged that after he was let out of his cell, the unknown jailers unlocked the cells to six other inmates who, the officers allegedly knew, had been involved in verbal and physical conflicts with Latimore previously. In spite of Latimore's requests to keep the inmates confined, the officers let the inmates out into the common area with Latimore. According to the complaint, the inmates attacked Latimore, and the officers "ran out of the area" and "did not do anything to break up the fight." Latimore, severely beaten, was then transported to St. Vincent Charity Hospital.
 
 
 2
 Latimore later moved to add Nathan Enwerekowe, a.k.a. Nathan Kownec, as a defendant and the district judge granted the motion. Upon reconsideration, however, the district judge entered an order requiring the plaintiff to file an amended complaint if he wished to add Nathan. (Nathan was actually a substitution for one of the unknown officers.) Since Latimore never filed an amended complaint, the only parties before the court were the original defendants.
 
 
 3
 The defendants filed a motion for a judgment on the pleadings or, in the alternative, for summary judgment. Latimore made no response. The district court granted the defendants' motion, finding that "Latimore has failed to respond to this motion within ten (10) days as required by Local Rule 3.01. Nor has he moved for additional time to respond. Therefore, the motion can be granted as unopposed." The court also found defendants' motion to be "well-taken," based upon qualified immunity, and because "Latimore has failed to make a factually explicit allegation linking the incident to any action of the county defendants."
 
 
 4
 Seventeen days after judgment, Latimore filed a motion for relief from judgment.[1] Before the district judge ruled on Latimore's motion for relief, however, Latimore filed a notice of appeal, thereby divesting the district court of further jurisdiction in the matter. (Notwithstanding the lack of jurisdiction, the district court later denied Latimore's motion for relief.)
 
 
 5
 Latimore's counsel claims that he was never served with: (1) defendants' motion for an extension of time to file dispositive motions; (2) the order granting this motion; (3) defendants' motion for judgment on the pleadings; or (4) the memorandum, opinion, and order granting this latter motion of defendants with prejudice issued September 3.[2] Later, as a result of a random docket check, Latimore's counsel discovered that a judgment had been entered against him and the case had been dismissed with prejudice. Latimore's counsel contends that the court should have known that he was not receiving the listed documents.
 
 
 6
 Latimore contends it was error for the district court to enter a default judgment against him because his attorney (or attorneys) was having trouble with mail delivery and did not have adequate notice of the motion for a judgment on the pleadings.[3] The district court record does not contain any evidence demonstrating that Latimore's failure to answer the motion within ten days was due to any excusable neglect.
 
 
 7
 While Latimore's attorney may have had mail trouble at the pertinent time, that attorney was aware of that problem. The responsibility was that of his counsel to check periodically with the clerk of the court to be alerted to any activity in the case.
 
 
 8
 We find no basis for a finding of excusable neglect on the part of Latimore or his attorney.[4] Under all the circumstances, it was not error for the district court to grant the defendants' motion for a judgment on the pleadings. See Curcurillo v. Schulte, 324 F.2d 234, 235 (2d Cir.1963).
 
 
 9
 In addition, the district court also granted the dismissal because the sheriff and deputy sheriff enjoyed qualified immunity. Latimore did not specifically plead in his complaint that McFaul and Stafford acted outside the scope of their qualified immunity. The claims against McFaul and Stafford represented claims of negligent supervision and training, but Latimore has offered no facts to support that allegation. To prevail on a motion to dismiss, Latimore must plead "facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known." Kennedy v. City of Cleveland, 797 F.2d 297, 299 (6th Cir.1986); see also Dominque v. Telb, 831 F.2d 673, 676 (6th Cir.1987) (quoting Kennedy ). Because he has not done so with regard to McFaul and Stafford, dismissal as to these two defendants was proper.
 
 
 10
 Latimore did explicitly set out the actions that these two correctional officers took. This claim against the unknown officers may have remained viable absent the procedural failures.
 
 
 11
 Latimore did not respond to the defendants' motion to dismiss within the time period required. His attorney did not submit adequate evidence to the district court to show excusable neglect on his part, other than bald allegations of mail troubles. Under these circumstances, we will affirm the district court's actions.
 
 
 12
 We accordingly AFFIRM the district court's judgment for defendants.
 
 
 
 [1]
 He also filed a supplemental motion for relief approximately two weeks later
 
 
 [2]
 This list does not include a motion and order dealing with the date of the trial
 
 
 [3]
 In Latimore's original brief, he argued that the district court erred in denying his motion for reconsideration. That denial, however, took place after the notice of appeal was filed and the district court was divested of jurisdiction. A prior panel of this court, therefore, upon motion of the defendants, struck that brief because it did "not address issues relevant to this appeal and include[d] material not in the record."
 
 
 [4]
 Latimore's attorney, Mr. Tyner, signed an affidavit attesting that he did not receive the pleadings mentioned above, but that affidavit was not presented to the district court. He attached the affidavit to his first brief, which brief was stricken by a prior panel of this court