Kalim **AHMED**, Plaintiff,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Defendant.

No. 93 Civ. 0936 (DAB).

United States District Court, S.D. New York.

Jan. 17, 1996.

---

Charles A. Grutman, New York City (Charles A. Grutman, of counsel), for Plaintiff.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (F. James Loprest, Jr., Special Assistant United States Attorney, of counsel), for Defendant.

### MEMORANDUM and ORDER

BATTS, District Judge.

On February 17, 1993, Kalim Ahmed, the Plaintiff, brought suit seeking a writ of mandamus compelling the Defendant, ("INS") to present him with a work authorization card in connection with his alleged application for temporary resident status as a Special Agricultural Worker.

Defendant has moved for dismissal of the Complaint for lack of jurisdiction under Fed. R.Civ.P. 12(b)(1) and for failure to prosecute under Fed.R.Civ.P. 41(b), and in the alternative for summary judgment under Rule 56(c). The Plaintiff has failed to respond to the Defendant's Requests for Admissions and has failed to respond to this motion, return date September 12, 1995. In fact, Plaintiff has filed nothing in this action since filing his Complaint. For the stated reasons below the Court grants the Defendant's motion.

## I. BACKGROUND

Kalim Ahmed is an alien present in the United States without legal authority.[1] Plaintiff brought suit to compel the Defendant to issue him an employment authorization card, pursuant to 8 C.F.R. § 210.4(b)(2). (Compl. ¶ 8.) Regulations promulgated by the Attorney General to administer the Special Agricultural Worker program authorize an otherwise undocumented alien to work in the country "after an interview has been conducted in connection with [his or her] nonfrivolous application [for temporary resident status, filed] at a[n INS] legalization office." 8 C.F.R. § 210.4(b)(2). Plaintiff claims that he filed an application for temporary resident status as a Special Agricultural Worker at the INS's New York legalization office approximately four and one half years prior to his request for an employment authorization card. (Compl. ¶¶ 1, 5.) Plaintiff has a copy of what he claims is a receipt given to him by an INS official in New York.

Defendant has no record of Plaintiff's application. (Loprest Dec. ¶ 2.) The INS has not assigned Plaintiff an INS alien registration number and has no file regarding him. (Loprest Dec. ¶ 3.) Plaintiff has not produced an original receipt for the filing of his temporary resident status application.[2]

---

1. The Plaintiff has failed to respond to the Defendant's Request for Admissions filed July 5, 1994, hence, pursuant to Fed.R.Civ.P. 36(a), the Pro- posed Admissions are deemed admitted. *See* Government's Requests for Admission ¶ 1.

2. Plaintiff produced a copy of the alleged filing receipt at a conference before Magistrate Judge

## II. DISCUSSION

### A. Plaintiff's Complaint is Dismissed for Lack of Mandamus Jurisdiction

■ A writ of mandamus is an extraordinary measure which should be granted "sparingly, to redress a 'clear abuse of discretion,'" *see In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir.1993) (quoting *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir.1987), "or 'to confine an inferior court to a lawful exercise of its prescribed authority....'" *Id.* (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 18, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983)). The facts the Plaintiff describes to support his request do not fit within the parameters of the grounds under which a Writ of Mandamus may be granted.

■ Mandamus is inappropriate unless a plaintiff has a clear right to the relief requested, there is a plainly defined and peremptory duty on the defendant's part to do the act in question, and no other adequate remedy is available. *Heckler v. Ringer*, 466 U.S. 602, 616–17, 104 S.Ct. 2013, 2022–23, 80 L.Ed.2d 622 (1984); *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 946 (2d Cir.1976); *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir.1972), *cert. denied*, 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973); *Fifth Ave. Peace Parade Committee v. Hoover*, 327 F.Supp. 238, 242 (S.D.N.Y.1971).

■ Plaintiff has not demonstrated that he ever filed the appropriate application, nor has he demonstrated that he filed a nonfrivolous application. Before the INS awards him the interview at which he can qualify for the Special Agricultural Worker program, he must demonstrate he filed the appropriate application. *Rahim v. McNary*, 24 F.3d 440, 441 (2d Cir.1994). Plaintiff has failed to do this. Therefore, Plaintiff does not have a clear right to the relief that he seeks.

Plaintiff's Complaint is hereby dismissed for lack of mandamus jurisdiction. Hence, it is not necessary to consider Defendant's motion for summary judgment.

### B. Plaintiff's Complaint Shall be Dismissed For Failure to Prosecute

■ Assuming the Court had mandamus jurisdiction, the Plaintiff's Complaint shall nevertheless be dismissed with prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) reads that "[f]or failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action." This falls squarely within the power of the Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (power of the Court to dismiss for failure to prosecute cannot be seriously doubted); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993) (a court *sua sponte* may dismiss an action for failure to prosecute); *Edmond v. Moore–McCormack Lines*, 253 F.2d 143, 144 (2d Cir.), *cert. denied*, 358 U.S. 848, 79 S.Ct. 73, 3 L.Ed.2d 82 (1958) (same); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y.1990) (district judge has inherent power to dismiss for failure to prosecute). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982); *see also Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir.1991) ("prejudice resulting from unreasonable delay may be presumed as a matter of law"); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir.1980) (plaintiff's duty to prosecute designed to ensure fairness to all litigants "as competitors for scarce judicial resources"); *Lukensow v. Harley Cars of N.Y.*, 124 F.R.D. 64, 66 (S.D.N.Y.1989) (defendant not "under any duty to take any steps to bring this case to trial").

Plaintiff has taken no steps to move this case forward. The Plaintiff has filed a Complaint, but has failed to file a response to this motion nor has it responded to the Government's interrogatories and requests for admissions. Almost three years have elapsed since the Complaint was filed in February 1993. No substantive activity by the Plaintiff in thirty-five months from the commencement of this action, or sixteen months from

Gershon on April 29, 1994. The Plaintiff did not

produce an original.

the last Order issued in this action [3] is sufficient to support dismissal of this action, with prejudice, for failure to prosecute. *See Chira,* 634 F.2d at 666 (six months of inactivity supports dismissal); *Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.,* 324 F.2d 234, 235 (2d Cir.1963) (one-year activity grounds for dismissal); *Fischer v. Dover Steamship Co.,* 218 F.2d 682, 683 (2d Cir. 1955) (seven-month delay grounds for dismissal); *West v. City of N.Y.,* 130 F.R.D. 522, 524 (S.D.N.Y.1990) (twenty-month delay sufficient for dismissal); *Lukensow,* 124 F.R.D. at 67 (two year delay); *Yacub v. Coughlin,* 105 F.R.D. 152, 153 (S.D.N.Y.1985) (twenty-one month delay and failure to respond to court correspondence found sufficient).

### III.  CONCLUSION

This action is hereby dismissed in its entirety with prejudice first, for lack of mandamus jurisdiction and second, for failure to prosecute.

SO ORDERED.

---

**3.**  Magistrate Judge Gershon extended, on September 9, 1994, the time for the parties to file a dispositive motion until October 3, 1994.  It is not clear to the Court why the Government waited almost a year after that time to file finally the instant motion.