**CHARLES LABS, INC., Plaintiff,**

**v.**

**Leo BANNER, Abraham Dubinbaum, William Kent, Elio Liscio, Eugene Mills, Jr., and Pharmaceutical Society of the State of New York, Inc., Defendants.**

**No. 74 Civ. 4395.**

United States District Court,
S. D. New York.

May 11, 1978.

W. Edward Woods, Bay Shore, N. Y., for plaintiff.

Goldberg & Goldberg, Woodmere, N. Y., for defendant, Pharmaceutical Society of the State of N. Y.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendants Kent, Liscio and Dubinbaum.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

In this action plaintiff Charles Lab, Inc. charges the Pharmaceutical Society of the State of New York ("Pharmaceutical Society"), a trade association, and various individual members of the New York State Board of Pharmacy with violation of the anti-trust laws, and seeks treble damages in the amount of $1,425,000.

For failure by plaintiff to obey a court order to comply with discovery demands, defendant Pharmaceutical Society has moved to dismiss the complaint and for reasonable expenses, including attorneys' fees, pursuant to F.R.Civ.P. §§ 37(b)(2)(C), 37(a)(4) and 37(d). Defendants Abraham Dubinbaum, William Kent and Elio Liscio have moved for an order to dismiss the complaint pursuant to F.R.Civ.P. § 41(b), for failure to prosecute and for failure to respond to discovery demands. Both mo-

tions were referred to Magistrate Nina Gershon to hear and report.[1]

Two other defendants, Leo Banner and Eugene Mills, Jr., have not yet been served.

The case is presently before me for determination of the outstanding motions. Magistrate Gershon has submitted a report, and I have received objections to said report on behalf of the individual defendants who have been served. Oral argument has been had before me. Plaintiff has submitted no papers with respect to the magistrate's report.

### 1. *Motion by defendant Pharmaceutical Society.*

█ Magistrate Gershon recommends denial of the motion by defendant Pharmaceutical Society to dismiss the complaint for failure to obey the court order to respond to discovery demands, but she recommends that plaintiff be required to pay Pharmaceutical Society's attorneys' fees in connection with its motion.[2] I adopt her recommendation. Plaintiff is ordered fully to answer defendant Pharmaceutical Society's interrogatories within fifteen days of the date of this order. It is further ordered to pay to defendant Pharmaceutical Society attorneys' fees in the amount of $500.00. Failure to comply with either of these directions will result in dismissal of the complaint as to defendant Pharmaceutical Society.

### 2. *Motion by individual defendants.*

The individual defendants have moved for dismissal of the complaint for failure to prosecute and failure to comply with discovery demands.

█ Dismissal under Rule 41(b), F.R. Civ.P. for failure to prosecute is a matter of discretion and policy. The magistrate has suggested that I exercise my discretion to deny the motion. For the reasons hereafter stated, I decline to accept the magistrate's recommendation with respect to the individual defendants, and I grant the motion of defendants Liscio, Kent and Dubinbaum to dismiss for failure to prosecute.

The magistrate competently reviewed the relevant factors with respect to the exercise of discretion under Rule 41(b); I shall reiterate them only so far as is necessary to clarify my divergence from the magistrate's recommendation. Because the complaint is dismissed as to the individual defendants on this ground, I do not consider the other ground asserted by them.

█ The complaint was filed October 7, 1974. Defendant Liscio was served on June 19, 1976, defendant Kent on June 23, 1976, and defendant Dubinbaum on August 30, 1976. Defendants Banner and Mills have never been served.[3]

Defendants Kent and Liscio filed their answer on July 29, 1976, and defendant Dubinbaum filed his answer on September 16, 1976. Their motion to dismiss was made October 19, 1976. No responsive papers were filed by plaintiff.

█ The operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, "not a showing by defendant that it would be prejudiced." *Messenger v. U. S.*, 231 F.2d 328 (2d Cir. 1956). While *Messenger* permits the court to consider whether, on a Rule 41(b) motion, the defendant has been prejudiced by the delay, this consideration comes into play where there has been only "moderate or excusable neglect." I do not consider 18 months' delay "moderate" and plaintiff has set forth no factors which would support a finding that the neglect was "excusable".

---

1. District Judge Whitman Knapp, to whom the case was then assigned, ordered the reference to Magistrate Gershon. The case has since been reassigned to me.

2. Magistrate Gershon notes that plaintiff's delay has necessitated, on behalf of defendant Pharmaceutical Society, "the bringing of two formal motions and at least one informal request for Court assistance."

3. Defendant Pharmaceutical Society was served on October 8, 1974 and does not seek dismissal for failure to prosecute.

*Cf. Lyford v. Carter,* 274 F.2d 815 (2d Cir. 1960).[4]

Defendants filed an answer to the complaint before filing this motion, which may distinguish this case from *Messenger v. United States, supra,* and *Jos. Muller Corp. Zurich v. Societe Anonyme de Gerance et D'Armement,* 508 F.2d 814 (2d Cir. 1974). In *Messenger* there was no answer filed, but service was never effected, so there would in normal course have been no answer. In *Joseph Muller,* there was service of process, and the motion was filed without an intervening answer.

■ F.R.Civ.P. 12(h) provides, in substance, that certain defenses and objections delineated in F.R.Civ.P. 12(b) are waived if not asserted by answer, or by motion prior to answer. However, this requirement does not apply to a Rule 41(b) motion. I agree with the contention of the individual defendants that a defendant should not, in effect, be penalized for filing an answer.[5]

■ The magistrate recommends that plaintiff be directed, pursuant to Rule 37(d), F.R.Civ.P., to pay to the individual defendants reasonable attorneys' fees, in the amount of $250, incurred in the bringing of the portion of this motion seeking dismissal for failure to comply with discovery demands. I adopt the magistrate's recommendation and hereby direct plaintiff to make such payment within thirty (30) days of the date of this order.

3. *The defendants who have not been served.*

■ The complaint is dismissed on the court's own motion as to the two other individual defendants, Leo Banner and Eugene Mills, Jr., who have still not been served. *See Taub v. Hale,* 355 F.2d 201 (2d Cir.), *cert. denied,* 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 (1966).

SO ORDERED.

4. In *Lyford v. Carter* the Court of Appeals reversed dismissal of a complaint for failure to prosecute. However, there the plaintiff had stated reasons for the delay in service. In the case before me, plaintiff has not in any satisfactory way explained the delay.

5. One reason defendants may have filed an answer before making this motion is that once an answer is filed, plaintiff cannot unilaterally voluntarily dismiss the complaint under F.R. Civ.P. 41(a)(1). This is significant because a 41(a)(1) dismissal is normally without prejudice, while a 41(b) dismissal is with prejudice unless the court directs otherwise.