**M & H COSMETICS, INC., Plaintiff,**

v.

**ALFIN FRAGRANCES, INC., Defendant.**

**No. CV 82–0044.**

United States District Court,
E.D. New York.

July 3, 1984.

Solomon Rosengarten, New York City, for plaintiff.

Bass, Ullman & Lustigman, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This action was commenced in January 1982 by plaintiff M & H Cosmetics, Inc. (M & H), a drugstore or independent cosmetics retailer in Brooklyn, under the Robinson-Patman Act, 15 U.S.C. Section 13(d) and (e). Defendant Alfin Fragrances, Inc. (Alfin),[1] an importer and distributor of perfumes and cosmetics that sells to department and specialty stores and drugstores and other independent small retailers, counterclaimed for $516.60 allegedly owed by plaintiff.

After commencement of this action plaintiff noticed defendant for deposition. Defendant then gave notice for the deposition of plaintiff setting April 19, 1982 as the date. The deposition of Alfin was set by stipulation for March 23, 1982 (Ex. 1 of Alfin's Reply Affidavit), and then adjourned for April 12, 1982 (Ex. 2 of Alfin's Reply Affidavit). Thereafter, at plaintiff's request and with defendant's consent the depositions were postponed without date with the understanding that plaintiff would contact defendant to reschedule the depositions. (Ex. 3 of Alfin's Reply Affidavit). There was no further action in this case by either party from that point to September 13, 1983. On that date a status conference was held before this Court and the parties were ordered to conduct depositions by November 15, 1983 and complete all discovery by January 15, 1984. The matter was then referred to the Honorable Shira Scheindlin, United States Magistrate, for discovery purposes. No extensions were requested or granted by the Court. Nevertheless, instead of discovery, plaintiff produced a series of delays allegedly arising not from fault but from secretarial and post office error.

On December 1, 1983 a status conference was held before Magistrate Scheindlin. Just before the conference plaintiff handed over to defendant answers to interrogatories (Ex. 5 of Affidavit of Defendant's Attorney I. Scott Bass). The interrogatories are incomplete at best, answering in generalities and in several instances declaring that records necessary for responses do not exist or cannot be found. M & H produced no documents other than some uncertified financial statements.[2] No other discovery had been made at that point. Magistrate Scheindlin stayed discovery and referred the matter to this Court for consideration of a motion to dismiss by defendant.

Defendant now moves for dismissal for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P., or alternatively for dismissal or striking of pleadings as a sanction under Rule 37(b) or (d), Fed.R.Civ.P. Alfin also moves for dismissal or summary judgment on the merits pursuant to Rules 12(b)(6) and 56(c), Fed.R.Civ.P., and for assessments of costs and attorney's fees against M & H under Rule 37(d), Fed.R.Civ.P. As the Court disposes of this matter on the issue of failure to prosecute it is not necessary to address Alfin's other dispositive motions pursuant to Rules 12(b)(6), 37, and 56(b), Fed.R.Civ.P.

## DISCUSSION

■ In the controlling case of *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court held that under rule 41(b):

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid con-

---

**1.** Plaintiff incorrectly denominated defendant "Alvin Fragrances, Inc." in this action. There is only one defendant in this matter and it is correctly called Alfin Fragrances, Inc.

**2.** M & H's Affidavit in Opposition is accompanied by xerographic copies of fourteen cancelled bank checks showing payment for Alfin products. Apparently these were recently located.

gestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law ....

....

.... Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power", governed not by rule or by statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

370 U.S. at 629–31, 82 S.Ct. at 1388–89 (footnotes omitted). Thus, the district court has the power to dismiss for a plaintiff's failure to prosecute a cause of action. In the exercise of this power this Court finds the Second Circuit Court of Appeals decision in *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir.1982), particularly instructive.

■ It falls to the plaintiff to press his case with due diligence. *Lyell Theatre Corp.*, 682 F.2d at 43. The plaintiff is the party instituting the suit and therefore is expected to pursue his interests by prosecuting it. The defendant cannot be expected to provide the impetus to push the action forward. As the *Lyell* Court declared, failure to prosecute can be evidenced in inactivity or a pattern of dilatoriness, including late filings of court ordered papers, over months or years. *Id.* at 42–43. Moreover, prejudice to the defendant from unreasonable delay can be presumed. *Id.* at 43.

■ In this case the plaintiff left the action completely dormant from April 1982 to September 1983, a total of some seventeen months. At the status conference in September 1983 this Court issued what it termed a final order to make discovery. The resulting plaintiff's discovery effort took the form of delays and incomplete responses, in substance a failure to make discovery. Rule 37(a)(3), Fed.R.Civ.P. Not only has M & H evinced indifference to defendant's case and the evidence in its possession, but plaintiff apparently has not made any real effort to locate or prepare the most basic evidence in its own case. The proof in an action under the Robinson-Patman Act is almost necessarily complex and subtle. As of November 1983 M & H still did not have the basic documentation for its transactions with Alfin. Even M & H's recent efforts to avoid dismissal or summary judgment on the merits have produced only a batch of cancelled checks.

In sum, plaintiff has made no move to press this action over the course of seventeen months, has not moved to make discovery and has substantially failed to respond to discovery requests, and from every appearance has not prepared its case. Manifestly there is no intent to proceed to litigation. There could hardly be a clearer case of failure to prosecute. It is obvious to the Court the defendant has been put to the trouble of answering the complaint, drafting interrogatories, and moving to dismiss an action that plaintiff has little interest in pursuing.

■ In addition to dismissal, Alfin asks for $5,950.00 in attorney's fees under Rule 37(d), Fed.R.Civ.P., as a sanction for failure to answer interrogatories. The plaintiff surely produced insufficient answers, but this does not appear to have been a refusal to answer or a willful withholding of information. Rather, it appears to stem from a complete lack of case preparation and is more properly viewed as part of the broader issue of failure to prosecute the action. Without a stronger basis for finding willfulness, bad faith, or a pattern of repeatedly putting defendant to worthless effort, this Court declines to impose the additional sanction of attorney's fees.

## CONCLUSION

Accordingly, defendant's motion to dismiss for failure to prosecute is granted

pursuant to Rule 41(b), Fed.R.Civ.P. Moreover, as the defendant's counterclaim for $516.60 arises under state law the Court does not retain pendant jurisdiction over the matter and otherwise lacking subject matter jurisdiction dismisses the action without prejudice. It is, therefore,

ORDERED, that the Clerk of the Court enter judgment in favor of the defendant, dismissing plaintiff's action with prejudice pursuant to Rule 41(b), Fed.R.Civ.P. It is further

ORDERED, that defendant's counterclaim is dismissed for want of subject matter jurisdiction. The parties take nothing of each other and bear their own costs.

SO ORDERED.