**Peter SNAVLEY, Plaintiff,**

v.

**Robert REDMAN, James Pogats, Gene Borgert, Frank Williams, Leo Couteau and Linda Richardson, Defendants.**

**Civ. A. No. 83–CV–4753–DT.**

United States District Court, E.D. Michigan, S.D.

Sept. 4, 1985.

Peter Snavley, in pro. per.

Charles E. Donahue, Asst. Atty. Gen., Detroit, Mich., for defendants.

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR PLAINTIFF'S WANT OF PROSECUTION

La PLATA, District Judge.

On November 1, 1983, Plaintiff, Peter Snavley, an inmate at Huron Valley Men's Facility in Ypsilanti, Michigan, filed an *in forma pauperis* Complaint against Defendants, under 42 U.S.C. § 1983. In his pleading, Plaintiff averred that Defendants deprived him from reviewing and using his personal property, consisting of legal papers pertaining to his state appeal, over a twelve day period in 1983. Seeking damages in the amount of $700,000.00, Plaintiff alleged that Defendants' tortious actions prevented him from filing a timely petition for certiorari with the Michigan Supreme Court.

Defendants were served by mail on November 7, 1983. On December 7, 1983, they filed an answer to the Complaint, setting forth three affirmative defenses.

In the instant motion, Defendants, pursuant to Fed.R.Civ.P. 41(b)[1] and Local Rule 20 of the Eastern District of Michigan,[2] pray for a dismissal of the action with prejudice. Referring to Plaintiff's failure to take any action for the nineteen month period since the answer was filed, Defendants maintain that the Court should dismiss the case owing to Plaintiff's lack of prosecution.

In *Link v. Wabash Railroad Co.*[3], the United States Supreme Court discussed the inherent power of a District Judge to dismiss a case for the Plaintiff's want of prosecution. In *Link*, a personal injury action that had been pending for six years, the Plaintiff's attorney failed to appear at a pretrial conference. Upholding the trial judge's sua sponte dismissal of the case, the Supreme Court, in its majority opinion, stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending case and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law * * * and dismissals for want of prosecution of bills in equity.[4]

In *Ballew v. Southern Pacific Co.*,[5] two employees filed a lawsuit against their employer, the railroad company, on September 27, 1966. Eighteen months thereafter, the Clerk of the Court issued a show cause order, pursuant to a local court rule, commanding the Plaintiffs to appear and show cause why the case should not be involuntarily dismissed for their failure to take any action since the institution of the lawsuit. After the hearing, the District Judge dismissed the case with prejudice, after which the Plaintiffs filed a claim of appeal with the Ninth Circuit Court of Appeals.

Affirming the lower Court, the *Ballew* Court held that Plaintiffs' failure to prosecute was unjustified:

> "Upon this appeal appellants concede that the dismissal by the district court in the instant case will be disturbed on appeal only for abuse or "misuse" of discretion. In the instant case no entries appeared on the clerk's docket sheet between the date of filing appellee's answer and March 28, 1966, when the order to show cause issued, except for the filing by appellee of their depositions of appellants. At the hearing on the order to show cause, in his certificate of counsel, and on appeal, appellants' counsel offers little excuse for his inaction. In his brief on appeal he stated that 'In addition to legal research, we were attempting to assemble factual data in a digestible form; a hamstrung chore, since, as noted, we had no access to data in the possession of either the railroad or the union.' "[6]

██ For a Court to dismiss a case under Fed.R.Civ.P. 41(b) on account of a lack of prosecution, it is not necessary for it to find that the plaintiff attempted to

---

**1.** Fed.R.Civ.P. 41(b) provides in pertinent part: For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. For a comprehensive discussion of this rule, see 9 C. Wright & A. Miller, Federal Practice and Procedure, §§ 2370 (1971).

**2.** Local Rule 20 provides: Subject to the provisions of Rule 23(e), Federal Rules of Civil Procedure, in each cause pending wherein it appears that the Court lacks jurisdiction over the subject matter or that no action has been taken by a party for a reasonable period of time, the Court may, on its own motion or upon application of any party and after reasonable notice, enter an order dismissing such cause unless good cause for the inaction is given. Neither an application for a continuance or any proceeding taken under discovery rules shall be deemed to be action precluding such dismissal.

**3.** 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

**4.** *Link* at 629, 82 S.Ct. at 1388.

**5.** 428 F.2d 787 (9th Cir.1970).

**6.** *Ballew* at 789.

delay the trial.[7] The fact that a plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner.[8] In the matter at bar, not only has Plaintiff failed to take any measures on behalf of his case, such as partaking in discovery or submitting moving papers to the Court, he also has not responded to Defendants' Motion to Dismiss. Furthermore, the delay undoubtedly causes prejudice to Defendants, since it affects their ability to prepare a defense to the allegations.[9] The Court specifically finds that (1) Plaintiff has failed to prosecute the case, in any manner, over the nineteen month period subsequent to Defendants' filing of their answer to the Complaint and (2) there appears to be no justification for his inaction.[10] The Court infers that Plaintiff either has abandoned the claim or filed the action to harass the Defendants.

Consequently, under the authority of Fed.R.Civ.P. 41(b) and Local Rule 20 of the Eastern District of Michigan, the Court GRANTS Defendants' Motion to Dismiss the case with prejudice.

So Ordered.

---

**7.** *Bendix Aviation Corp. v. Glass,* 32 F.R.D. 375, 377 (D.C.Pa.1962), *aff'd,* 314 F.2d 944 (3d Cir. 1963), *cert. denied,* 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963).

**8.** *Collins v. Pitchess,* 641 F.2d 740, 742 (9th Cir. 1981).

**9.** See, for example, *Pearson v. Dennison,* 353 F.2d 24, 28–29 (9th Cir.1965).

**10.** Cases in which a Defendant's Motion to Dismiss for failure to prosecute was granted include *Charles Labs, Inc. v. Banner,* 79 F.R.D. 55 (D.C.N.Y.1978) [Eighteen months of inactivity by the Plaintiff was deemed to be immoderate, warranting an involuntary dismissal]; *Harrel-*

*son v. United States,* 613 F.2d 114 (5th Cir.1980) [twenty-two months of inaction by the Plaintiff resulted in a dismissal with prejudice]; and *Cristanelli v. U.S. Lines,* 74 F.R.D. 590 (C.D.Cal. 1977) [Plaintiff delayed serving Defendant with a copy of the Complaint for one year]. In *Davis v. Operation Amigo, Inc.,* 378 F.2d 101, 103 (10th Cir.1967), the Court stated that no rigid rules govern whether there has been a failure to prosecute that is sufficiently serious to justify an involuntary dismissal: "No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined in order to make such determination."