James WEST, Plaintiff,

v.

The CITY OF NEW YORK, et al., Defendants.

No. 88 CIV 3344 (KC).

United States District Court, S.D. New York.

April 26, 1990.

voluntarily dismissed on this motion, is unlikely.

James West, East Elmhurst, N.Y., pro se.

Robert Trachtenberg, Asst. Corp. Counsel, New York City, for defendants.

CONBOY, District Judge:

The motion currently before the Court is the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 41(b). The City of New York and the municipal officials named as defendants (collectively the "City"), assert that plaintiff James West ("West"), has failed to diligently prosecute his section 1983 civil rights complaint. We agree for the reasons that are set forth below.

## BACKGROUND

At the commencement of this action, West was a prisoner in the custody of the New York City Department of Corrections, confined in the Rikers Island Facility.[1] On May 13, 1988, West filed his complaint, proceeding pro se, alleging a cause of action pursuant to 42 U.S.C. § 1983.[2] West informed the Court in a series of letters that because of medical difficulties he was temporarily unable to pursue his case. Additionally, West complained about a lack of access to legal materials and was told in

---

**1.** West is now incarcerated in an Alden, New York Correctional Facility.

**2.** West named as defendants the City of New York, former Commissioner of Correction Kohler, former Chief of Operations Thomas Murray, Warden Dante Alberti, Deputy Warden Pepe, Captain Fraser and Correction Officer Hauser. The essence of West's complaint is that Officer Hauser, while acting under color of state law, without cause, assaulted and beat him causing injury to his head, face, lower back and neck. In his four claims, West alleges violations of his Fifth, Eighth, and Fourteenth Amendment rights, seeking $1.35 million in compensatory and punitive damages.

writing by the Court's Pro–Se Office in April 1989, that the Court cannot take action on a letter, and that pending pleadings cannot thereby be amended to address new claims. Since January 1989, the Court has unsuccessfully sought to obtain pro bono counsel for West. Aside from this request for pro bono counsel, West took no action in this case between May 13, 1988 and August 11, 1989.

On August 11, 1989, the Court wrote to West and requested a letter by August 18, 1989, to inform the Court when West expected to proceed with the case. On September 1, 1989, having received no reply, and having a return receipt indicating delivery of the Court's letter to West on August 16, 1989, this Court dismissed the action for lack of prosecution. On September 18, 1989, however, we vacated our order of dismissal in light of a letter from West to the Court dated August 30, 1989, claiming that he did not receive the Court's letter until that day because he had been transferred from a city correction facility to a state correction facility. In this letter, West declared his intention to prosecute his action, reiterated his request for pro bono counsel, and requested a 90 day extension of discovery. In vacating our prior dismissal, we advised plaintiff that since no pro bono counsel had come forward, he would have to prosecute his case pro se. We granted the application for a 90 day discovery period, advising the parties that "discovery will absolutely and irrevocably close on December 18, 1989."

In spite of our reopening discovery, West failed to take any discovery during this period, nor did he communicate with the Court or counsel for the City. Consequently, on January 4, 1990 the City moved to dismiss the complaint pursuant to Fed.R. Civ.P. 41(b). West filed a letter dated January 22, 1990, in lieu of a formal brief in opposition, contesting the dismissal of his action. The City filed a reply brief on February 9 and West sent the Court yet another letter in response on February 26, 1990.

## DISCUSSION

■■ Fed.R.Civ.P. 41(b) provides in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

Moreover, the Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). A district judge may even, *sua sponte*, and without notice to the parties, dismiss a complaint for lack of prosecution, and such dismissal is largely a matter of the judge's discretion. *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.1966), *cert. denied*, 384 U.S. 1007, 86 S.Ct. 1924; 16 L.Ed.2d 1020 (1966); *Zielinski v. United States*, 120 F.2d 792 (2d Cir.1941); 5 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 41.11[2] at 41–114—41–115 (2d ed. 1988). It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct. Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff. *See, e.g., Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982); *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir.1956); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y.1978).

In the present case, we already dismissed West's cause of action for failure to prosecute. *See* Order dated September 1, 1989. The order of dismissal was vacated because we concluded that due to his change in correctional facilities, West did not receive adequate notice of our intent to dismiss, despite the fact that notice prior to dismissal is not explicitly required as stated

above. Nonetheless, after we reinstated the action, West did not take any discovery. Thus, at the time the City filed the present motion, over nineteen months passed without West taking any specific and concrete action, save his letter of August 30, 1989 indicating his intent to prosecute the case, to move this case along. Indeed, this motion to dismiss was brought on after almost four months of complete inactivity, despite plaintiff's expressed intent to pursue the case and our order that there would be no further discovery after December 18, 1990.

█ It is clear from the case law that where a plaintiff has failed to take any specific and concrete action over a length of time, his complaint may be dismissed for failure to prosecute. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (delay of six months in completing discovery and proceeding to trial justifies dismissal under Rule 41(b)); *Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.*, 324 F.2d 234 (2d Cir.1963) (one year of inactivity is grounds for dismissal with prejudice); *Harrelson v. United States*, 613 F.2d 114 (5th Cir.1980) (22 months deemed "significant inactivity" warranting dismissal); *Snavley v. Redman*, 107 F.R.D. 346, 348 (E.D.Mich.1985) (19 month delay prejudicial to defendants); *M & H Cosmetics v. Alfin Fragrances, Inc.*, 102 F.R.D. 265, 267 (E.D.N.Y.1984) (plaintiff's failure to move case forward in 17 month period indicates lack of intent to prosecute).

█ What constitutes failure to prosecute depends, of course, on the particular facts involved. The standard for dismissal under Rule 41(b) is as follows:

'[F]ailure to prosecute' under the rule does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done, there will be no trial.

*Washington v. Walker*, 734 F.2d 1237, 1238 (7th Cir.1984) (quoting *Bendix Avia-*

tion Corp. v. Glass, 32 F.R.D. 375, 377 (E.D.Pa.1962), *aff'd per curiam*, 314 F.2d 944 (3d Cir.), *cert. denied*, 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963)); *Lyell Theatre Corp.*, *supra*, 682 F.2d at 42; *M & H Cosmetics, Inc.*, *supra*, 102 F.R.D. at 267. Thus, there need not be any deliberate intent to delay the prosecution of the case. *Snavley*, *supra*, 107 F.R.D. at 348.

█ In West's letter to the Court in opposition to the City's motion, he appears to argue that the main reason he has been unable to pursue this litigation is because of "medical complaints." Indeed, West offers seventeen exhibits of various doctors' recommendations and medical records. We nonetheless reject West's argument that his medical problems justify his inactivity in the pursuit of his lawsuit for several reasons. First, the evidence of his "medical complaints" that West offers establishes complaints of knee and back pain from June 1986 to May 1989. There is no evidence of any medical problems from May 1989 to January 1990, when the motion to dismiss was filed. Second, when West sought to vacate this Court's September 1, 1989 order dismissing the case for lack of prosecution, West requested, and was granted, a 90 day extension for discovery. At that time, he did not mention medical problems or the possibility he might need further time for discovery. Instead from September 18 to the date the motion was filed, he did not write even one letter to the Court or to opposing counsel, let alone serve interrogatories or other discovery notices. West was clearly put on notice of our intent to dismiss his case if he did not proceed with discovery. Thus, his idleness during this time period is inexcusable.

This conclusion is further supported by information brought to our attention by the City regarding another action pending in this district in which West is the plaintiff.[3] In that case, the Office of the Corporation Counsel received a set of document requests on October 5, 1989. *See* Reply Affidavit of Robert Trachtenberg ("Deft.'s Reply Aff."), sworn to February 7, 1990, Exhibit A. While that typed document re-

---

3. *West v. The City of New York,* 88 Civ. 1801 (CSH).

quest, with some parts apparently hand-written by West, was signed and notarized on September 22, 1989, West contends that it was prepared well in advance of June 16, 1989. *See* Declaration of James West in Sur–Reply, sworn to February 26, 1990, at ¶ 8.[4] The City also provides a letter sent to Judge Haight, written by West on January 8, 1990. *See* Deft.'s Reply Aff., Exhibit B. Although this letter was written four days after the present motion was filed, it, in conjunction with the earlier discovery request filed in that case, establishes that West, at the very least, could have written to this Court seeking yet a further extension of discovery due to his alleged poor health. From all of the foregoing, it is clear that West does not have sufficient cause for delaying this case.

■ A plaintiff's lack of diligence alone is enough for dismissal. *Messenger*, 231 F.2d at 331. As Judge Broderick noted in *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y.1978):

> The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced.' *Messenger v. U.S.*, 231 F.2d 328 (2d Cir. 1956). While *Messenger* permits the court to consider whether on a Rule 41(b) motion, the defendant has been prejudiced by the delay, this consideration comes into play where there has been only 'moderate or excusable neglect.' I do not consider 18 months' delay 'moderate' and plaintiff has set forth no factors which would support a finding that the neglect was 'excusable.'

■ Finally, West's inactivity is not excusable simply because he has been incarcerated throughout this lawsuit. "The fact that plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent matter." *Snavley*, 107 F.R.D. at 348; *see also Collins v. Pitchess*, 641 F.2d 740, 742 (9th Cir.1981) ("incarceration does not absolve a plaintiff"

of the responsibility to prosecute his action diligently). In *Snavley*, the court dismissed the action after finding that the incarcerated plaintiff had failed to take any concrete action for over nineteen months to prosecute his action. West is in the almost identical position as the plaintiff in *Snavley*. Accordingly, his action must be dismissed.

### CONCLUSION

While we recognize that a "court must not let its zeal for a tidy calendar overcome its duty to justice," *David v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir.1968), *cert. denied*, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 778 (1969), dismissal with prejudice is appropriate in certain situations, such as the instant one. Here, West failed to take any substantial steps to move his case forward for approximately nineteen months. He has offered no valid justification or excuse for his inaction. Therefore, the City's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 41(b) is hereby granted and the Clerk of the Court is directed to enter judgment in accordance with this Order.

SO ORDERED.

---

**4.** West asserts that if given the chance, Michael A. Ciaffa of Meyer, Suozzi, English & Klein, P.C., can prove that the request for documents was done prior to June 16, 1989. *See* Plaintiff's Reply Affirmation, sworn to February 26, 1989, at ¶ 8. This proffer is inadequate because it still does not explain how West was able to send the document, with its many handwritten insertions, to Judge Haight in September, when he was supposedly so sick that he claims he should have been excused from his discovery obligations.