Thomas A. GIULIANO and Michele N. Giuliano, Plaintiffs,

v.

EVERYTHING YOGURT, INC. and Richard Nicotra, Defendants.

No. CV–92–1728.

United States District Court, E.D. New York.

Jan. 7, 1994.

**450**

Arthur J. Gallancy, New York City, for plaintiffs.

Gary Trachten, Kudman & Trachten, New York City, for defendants.

### MEMORANDUM AND ORDER

GLASSER, Senior District Judge:

Defendants Everything Yogurt, Inc. ("EYI") and Richard Nicotra move this court for an order dismissing plaintiffs' action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the following reasons, the motion is denied.

### FACTS

The genesis of this action is detailed in *Giuliano v. Everything Yogurt, Inc.,* 819 F.Supp. 240 (E.D.N.Y.1993), familiarity with

---

1. The Second Amended Complaint is the fourth complaint drafted by plaintiffs' counsel in this

which is assumed. Briefly, EYI, a New Jersey corporation, operates a chain of yogurt stores and food stores nationwide under the trade names of "Everything Yogurt" ("EY"), "Bananas" and "South Philly Steaks and Fries." In addition, EYI franchises stores under those trade names to interested individuals. Defendant Richard Nicotra is a director and shareholder of EYI. On or about October 16, 1989, plaintiffs Thomas and Michele Giuliano entered into a franchise agreement with defendants to operate an EY store in the South Street Seaport area. The franchise was unsuccessful and plaintiffs were forced to close the store in December of 1991. Thereafter, they commenced this civil action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO").

In a Memorandum and Order dated April 28, 1993 and published at 819 F.Supp. 240, this court denied in part and granted in part defendants' motion to dismiss plaintiffs' Second Amended Complaint which was served on or about October 3, 1992.[1] Specifically, the court denied defendants' motion to dismiss Count I where plaintiffs allege that defendants conducted the affairs of an enterprise engaged in interstate commerce through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) by committing predicate acts of mail fraud and wire fraud; and granted defendants' motion to dismiss Count II (conspiracy to violate § 1962(c)) and Count III, where plaintiffs allege that defendants invested income derived from racketeering activity in an enterprise in violation of Section 1962(a).

Approximately two months following this court's April 28, 1993 Memorandum and Order, on or about June 11, 1993, defendants served their answer to the Second Amended Complaint, a request for production of documents, and two notices of depositions. Affirmation of Gary Trachten, November 4, 1993 ("Trachten Aff'm"), ¶ 5, Ex. C. The parties entered into a stipulation extending until August 17, 1993, plaintiffs' time to respond to the document request. Affirmation of Ar-

---

action. *See Giuliano,* 819 F.Supp. at 243 n. 2.

thur J. Gallancy, December 1, 1993 ("Gallancy Aff'm"), Ex. A; Trachten Aff'm, ¶ 6. On or about August 16, 1993, defendants' attorney consented to an additional extension of two weeks, though no formal stipulation was executed. Trachten Aff'm, ¶ 7; Gallancy Aff'm, ¶ 6. Plaintiffs requested a further extension of time in which to respond to the document request but that request was denied. Trachten Aff'm, ¶ 9. On October 29, 1993, plaintiffs made a partial response to the document request. Gallancy Aff'm, ¶ 8 ("I did not serve any of the copies until Friday, October 29, 1993, when I delivered part of the documents requested.") Defendants object to both the quality and the quantity of plaintiffs' initial production. Trachten Aff'm, ¶ 12 ("These papers included *neither* a written response to the production request *nor* any other indication as to which specific requests the production was intended to satisfy.") (emphasis in original). On November 5, 1993, plaintiffs' attorney "delivered copies of the remainder of the documents requested, as well as a written response to the demand for discovery." Gallancy Aff'm, ¶ 8. Defendants also object to the completeness of plaintiffs' written response to the document request. Reply Affirmation of Gary Trachten, December 6, 1993 ("Trachten Reply Aff'm"), ¶ 3 ("A perusal of the written response shows that such response was incomplete."). Although it appears that plaintiffs have not conducted any discovery as of this date, and have not served any requests for documents or interrogatories, defendants offered to make available all of EYI's files in connection with the transactions referred to in the Second Amended Complaint in a letter dated June 23, 1993. Trachten Aff'm, Ex. D. To date, plaintiffs have not arranged to review these documents. *Id.,* ¶ 5.

Defendants contend that the lack of activity by plaintiffs regarding discovery warrants a dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

## DISCUSSION

■■■ Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part:

For failure of the plaintiff to prosecute ... a defendant may move for dismissal of

an action or of any claim against the defendant. Unless the court in its order of dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). In dismissing an action for failure to prosecute, the court must analyze such factors as: (1) the duration of plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 50 (2d Cir.1983); *see also Merker v. Rice,* 649 F.2d 171, 173–74 (2d Cir.1981). Dismissal for lack of prosecution is left to the discretion of the court. *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam) (a dismissal under Rule 41(b) is reversible only if an abuse of discretion has been shown).

"The operative condition of the Rule is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by denial of its motion." *Messenger v. United States* 231 F.2d 328, 331 (2d Cir.1956) (citation omitted). *Accord Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982) ("The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently."); *West v. City of New York,* 130 F.R.D. 522, 524 (S.D.N.Y.1990) ("Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff."). The Second Circuit has repeatedly warned that dismissal for lack of prosecution is a drastic measure and only to be used in extreme circumstances. *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993) ("We have repeatedly emphasized that 'dismissal is a "harsh remedy to be utilized only in extreme situations[.]"'") (quoting *Gibbs v. Hawaiian Eugenia Corp.,* 966 F.2d 101, 109 (2d Cir.1992)); *Merker v. Rice,* 649 F.2d 171, 173–74 (2d Cir.1981) (dis-

missal is "an especially drastic remedy"). "The remedy is pungent, rarely used, and conclusive." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir.1980). Furthermore, "[a] district judge should employ it only when he is sure of the impotence of lesser sanctions." *Id.*

A review of the relevant case law indicates that the "extreme situations" and "rare occasions" referenced above are those situations wherein the conduct of the dilatory plaintiff is drastic and evidences a clear intent not to take a case to trial in an efficient and orderly fashion. For example, in *Peart v. City of New York*, 992 F.2d 458 (2d Cir.1993), the Second Circuit held that dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) was warranted when, after three years of discovery, plaintiff's counsel failed to timely file a pre-trial memorandum as ordered by the court; refused to return phone calls from her adversary regarding a proposed joint pre-trial memorandum; made several claims of non-receipt of court notices; and refused to proceed to trial after receiving a court order to appear. Citing plaintiff's counsel's "particularly contemptuous and disrespectful behavior," the court concluded that the district court did not abuse its discretion "in finding that dismissal was necessary both to reform [plaintiff's counsel's] conduct and to re-establish the court's authority to manage its calendar," *id.* at 463.

■ In *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir.1980), the court affirmed a dismissal after plaintiff had been given six months to complete discovery, did not do so, and during those six months "[plaintiff and his attorney] did absolutely nothing at all to move their case to trial." *Chira*, 634 F.2d at 666. "Completely aside from his failure to comply with the order, a dismissal is justified for [plaintiff's] failure to prosecute at all." *Id.* at 667. *See also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982) (dismissal for lack of prosecu-

tion affirmed "considering the commitments not honored, delinquent inactivity, adjournments and delay over the seven year span during which this conduct persisted...."). Dismissal, therefore, is only appropriate when plaintiff has made no moves whatsoever to move his or her case to trial. *West v. City of New York*, 130 F.R.D. 522 (S.D.N.Y. 1990) (dismissal appropriate where plaintiff has failed to take any specific and concrete action over a period of 19 months); *M & H Cosmetics, Inc. v. Alfin Fragrances, Inc.*, 102 F.R.D. 265, 267 (E.D.N.Y.1984) (dismissal appropriate because "plaintiff has made no move to press this action over the course of seventeen months, has not moved to make discovery and has substantially failed to respond to discovery requests, and from every appearance has not prepared its case. Manifestly there is no intent to proceed to litigation.").

■ Applying these considerations to this case, it would be an abuse of discretion to dismiss plaintiff's action for lack of prosecution. Eight months have elapsed since this court's April 28, 1993 Memorandum and Order and in that time plaintiff has not initiated any discovery.[2] However, during this period plaintiffs have responded to defendants' request for production of documents. Defendants orally consented to extending the return date to approximately September 1, 1993, and plaintiffs made their first and partial response on October 29, 1993, an unexcused delay of only two months. *See* Gallancy Aff'm, ¶¶ 5–8. Although defendants contend that plaintiffs' responses are inadequate and incomplete, Trachten Aff'm, ¶ 12, defendants have made no motion compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). The record also indicates that defendants did not request a conference with the court to establish a discovery cut-off date. In balancing between "alleviating court calendar congestion and protecting a party's right to due process," *Harding v.*

2. Defendants stress that approximately 19 months had elapsed since plaintiffs originally commenced this action, Defs.' Mem. at 8, but during that time plaintiffs were responding to defendants' motions to dismiss and hence it cannot be concluded that plaintiffs were inactive and evidencing an intent not to take the case to trial.

Furthermore, as plaintiffs note, "[a]lthough plaintiffs' counsel also expected to win the motions, if he had commenced any discovery before the motions were decided, he would have been engaging in an exercise in futility if either motions had been granted with prejudice." Pls.'s Mem. at 9.

*Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983), it is more equitable to refer this matter to a magistrate who can establish a discovery schedule upon the completion of which defendants may move for summary judgment if the facts indicate that such a motion would be appropriate. If plaintiffs fail to abide by the magistrate's discovery schedule, defendants may then consider whether a Rule 41(b) motion is warranted. However, as of this writing, it cannot be said that plaintiffs have demonstrated a lack of due diligence which would warrant dismissal. *Compare Charles Labs, Inc. v. Banner*, 79 F.R.D. 55 (S.D.N.Y.1978) (18 month delay between filing complaint and serving defendants is not moderate; it evidences a lack of due diligence by plaintiff and hence dismissal is warranted).

■ Defendants argue that they will be prejudiced by further delay because the "stigmatizing effect of a RICO case is felt particularly painfully by a franchisor[.]" Defs.' Mem. at 12. "While *Messenger* permits the court to consider whether, on a Rule 41(b) motion, the defendant has been prejudiced by the delay, this consideration comes into play where there has been only 'moderate or excusable neglect.'" *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978). *See also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (citation omitted). Because the court was considering a motion to dismiss, it was reasonable for plaintiffs not to commence discovery prior to this court's Memorandum and Order of April 28, 1993; therefore, the delay in commencing discovery in this case is approximately six months which is moderate and hence this court can examine the likelihood of actual prejudice to defendants. Defendants, however, have failed to establish actual prejudice caused by plaintiffs' delays. Actual prejudice refers not to the stigma of being a defendant in a civil action; rather, it refers to those situations wherein a plaintiff's delay hinders the defendant's opportunity to adequately defend the claim. *See, e.g., Pearson v. Dennison*, 353

F.2d 24, 28 (9th Cir.1965) (prejudice from delay may result because of the destruction of important records, the fact that parties have moved to other occupations, or memories may have faded). In this case, defendants argue that to remain defendants in this case prejudices them because they must disclose the litigation to potential franchisees; however, there is no indication that plaintiffs' delay in commencing discovery has in any way prejudiced the defendants in the defense of this action.

■ Defendants other arguments in support of dismissal are without merit. Defendants concede that "neither the Court nor the defendants have warned the plaintiffs explicitly that their lack of diligence risked dismissal for lack of prosecution." Defs.' Mem. at 14. As stated above, a court must analyze whether the plaintiff received notice that further delays would result in dismissal. *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983). In this case, defendants point to a letter dated October 1, 1993, to plaintiffs' counsel wherein defendants' counsel states that,

> The plaintiffs have no right to unilaterally extend indefinitely the time for providing responses to discovery. I ask that you call me to confer regarding resolution of the issues raised by the plaintiffs' blatant disregard of their responsibilities as litigants.

Trachten Aff'm, Ex. E. Defendants argue that this language "implicitly warns that the whole manner in which the plaintiffs were failing to act as responsible litigants had become an issue of concern." Defs.' Mem. at 15. However, it is unreasonable to interpret this letter as a warning that further delays in responding to document requests or initiating discovery will result in a Rule 41(b) dismissal.

Defendants also argue that the court should give little weight to the policy cited above regarding a plaintiff's right to due process because, defendants urge, there is little likelihood of success for plaintiffs. Defs.' Mem. at 16–18. In this regard, defendants have submitted documentary evidence that plaintiffs' allegations of fraudulent mis-

representations regarding the likelihood of a movie theatre in a certain location is without merit. Trachten Aff'm, Exs. F and G (newspaper article, advertisement and building permit regarding the construction of a movie theatre). Defendants conclude that "the plaintiffs' allegation of fraud are shown to have been based not on reasonable inquiry, but rather on speculation." Defs.' Mem. at 18. However, in the Second Amended Complaint plaintiffs allege predicate acts of mail fraud and wire fraud involving much more than the establishment of a movie theater. They allege predicate acts of mail and wire fraud involving statements that defendants allegedly made to five prospective and eventual EY franchisees from 1987 through 1989. Specifically, plaintiffs allege that defendants committed fraud and used "bait and switch" tactics to induce certain defendants and plaintiffs to invest in EY franchises other than those originally proposed to those franchisees. Second Amended Complaint, ¶¶ 35, 52, 84–86 and 274. Plaintiffs also allege that defendants intentionally, and with deliberate disregard for the truth, fraudulently detailed the expenses to be incurred, and overstated the gross income to be realized, in operating various franchises. *Id.*, ¶¶ 53–65, 136–139, 191, 202–203, 241–243, and 330–332. Defendants are also alleged to have defrauded some of the franchisees by failing to supply them with franchise disclosure materials, as mandated by applicable state law, which would have influenced the decisions of those prospective franchisees vis-a-vis whether to purchase an EY franchise. *Id.*, ¶¶ 153–158, 171–172, 208–210, and 238–239. In its April 28, 1993 Memorandum and Order, this court held that "the complaint survives a motion to dismiss because plaintiffs may yet be able to prove two or more predicate acts of mail fraud or wire fraud." *Giuliano*, 819 F.Supp. at 245. The fact that there may be evidence rebutting the allegations of Paragraphs 275–279 of the Second Amended Complaint, therefore, does not warrant dismissal of the entire action at this stage in the proceedings.

In sum, the facts surrounding plaintiffs' delay in initiating discovery and responding to defendants' first request for production of documents, and the duration of that delay, are not so egregious as to warrant the harsh remedy of a Rule 41(b) dismissal. *See, e.g., Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993) (trial court abused its discretion in dismissing action for want of prosecution where, among other factors, there were only three months of inaction by plaintiff). Therefore, the better course of action is to refer this matter to the magistrate who will establish a discovery schedule with a firm cut-off date after the completion of which defendants may move for summary judgment or the violation of which may be the basis for a Rule 41(b) motion.[3]

### CONCLUSION

For the foregoing reasons, defendants' motion is denied and this matter is referred to Magistrate Judge John L. Caden for further proceedings consistent with this opinion.

SO ORDERED.

---

**3.** In their Reply Memorandum of Law, defendants suggest that if the Rule 41(b) motion is not granted, this court should (i) disallow discovery as a sanction; and (ii) order plaintiffs to pay the reasonable attorneys' fees in connection with this motion. Defs.' Reply Mem. at 4. However, as discussed above, plaintiffs' inactivity is not egregious and therefore these sanctions are not warranted.