Andrew BROWN, Plaintiff,

v.

Luis DESPAIGNE, Shield Number 2513; Chris Burns, Shield Number 2110; Kevin Ryan, Shield Number 6963; in their individual capacities as police officers of the Police Department in the City of New York; Howard Safir, in his individual and official capacity as the Commissioner of the Police Department of the City of New York; the Police Department of the City of New York, a governmental agency; Rudolph W. Giuliani, in his individual and official capacity as the Mayor of the City of New York; Robert Morgenthau, in his individual and official capacity as New York County policy maker; Braxton Fenner and Robert H. Silbering, in their individual and official capacities as Assistant District Attorneys' of New York County; the County of New York in its individual and official capacity as a municipality; and the 10th Precinct, as a governmental agency, Defendants.

No. 00 CIV. 147(CM)(MDF).

United States District Court, S.D. New York.

Oct. 4, 2001.

Susan B. Eisner, Assistant Corporation Counsel, City of New York City, for defendants.

Andrew Brown, Green Haven Correctional Facility, Stormville, NY, pro se.

MEMORANDUM OPINION AND ORDER

McMAHON, District Judge.

Defendants move to dismiss this action with prejudice on the grounds that plaintiff has failed to respond to defendants' motion to dismiss by August 15, 2001, as ordered by this Court. For the reasons set forth below, defendants' motion is GRANTED.

I. Background

On February 28, 2001, the remaining defendants moved to dismiss the above-captioned action pursuant to Fed.R.Civ.P. 12(c) and 56.[1] The motion was accompanied by a Statement of Undisputed Facts pursuant to Local Rule 56.1. The Court entered an order on March 30, 2001, granting plaintiff's request for an extension of time to respond, but requiring plaintiff to answer the motion within thirty days. No responsive papers had been filed by July 16, 2001.

The Court entered another order on July 16, 2001, granting defendants' motion to dismiss pursuant to Rule 12(c) as to Mayor Giuliani, Police Commissioner Safir, Braxton

---

1. Defendant Robert Morgenthau, who was wrongly sued in this matter, previously obtained an order of dismissal.

Fenner, Robert Silbering, New York County, and the Tenth Precinct of the Police Department of the City of New York on the basis that the claims against those persons and entities were frivolous and could be dismissed without need for further briefing. This order left the three arresting officers, Despaigne, Burns, and Ryan, and the City of New York as defendants.

In the same order, the Court gave plaintiff, who is proceeding pro se, a final chance to maintain his cause of action by granting him until August 15, 2001 to serve his response to the motion to dismiss as against the three police officers and the City of New York. The Court made it abundantly clear that no extensions, for any reason whatsoever, would be granted. The Court also made it clear that the facts set forth in defendants' papers, if not controverted, would entitle the remaining defendants to judgment as a matter of law, and the case would then by thrown out of Court.

August 15 has come and gone. To this date, no response has been filed with the Court. On September 4, 2001, defendants sent a letter asking the Court to grant their unopposed motion and to dismiss the complaint with prejudice.

## II  Discussion

 The dismissal of an action is a drastic remedy that should be invoked only sparingly to enforce court orders. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Nevertheless, dismissal of an action can be appropriate when a party, even a pro se litigant, has failed to comply with court orders such as that issued on July 16, 2001, when such failure is willful or in bad faith. *See, e.g., Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759 (2d Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991). *See also* Rule 41(b).

Here, plaintiff has ignored defendants' motion to dismiss and the Court's orders of March 30, 2001 and July 16, 2001. I have given plaintiff ample time to respond to defendants' motion.

Plaintiff has demonstrated a willful decision to ignore this action and dismissal is appropriate under Fed.R.Civ.P. 41(b) which permits a court to dismiss a case "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." *See, e.g., West v. City of New York,* 130 F.R.D. 522, 523 (S.D.N.Y.1990) (dismissing with prejudice pro se plaintiff's section 1983 claim for failure to prosecute his case).

## III.  Conclusion

For the reasons set forth above, defendants' Motion to Dismiss is granted and the complaint is dismissed with prejudice.